UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CLARK and CHARLES WILLAMS, individually, and on behalf of other members of the public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Q.G. PRINTING II, LLC, a Connecticut limited liability company; QUAD/GRAPHICS INC., a Wisconsin corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:18-cv-00899-AWI-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, DIRECTING PLAINTIFF TO SUBMIT SUPPLEMENTAL DOCUMENTATION, AND ALTERING CLASS CERTIFICATION DEADLINES<br><br>(ECF NO. 31.) |

This is a proposed class action suit in which the named Plaintiff, Paul Clark, ("Plaintiff") alleges various causes of action against Defendants under the Private Attorneys General Act, California Labor Code §§ 2698, *et seq.*

On August 20, 2019, Plaintiff filed a "Motion to Modify Scheduling Order to Depose Defendant's Corporate Representative and for Leave to File a Second Amended Complaint ("the motion"). (ECF No. 27.) The Court heard oral argument on the motion on September 20, 2019. Plaintiff's counsel, Melissa Grant, appeared telephonically. Defendants' counsel, Gregory Iskander, personally appeared. Following the hearing, the Court orders as follows:

The Court will GRANT the motion to the extent Plaintiff seeks leave to amend the

1

Complaint. Generally, a party seeking to amend a pleading after the deadline specified in a scheduling order must show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). And under Rule 15(a), "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Id.* (citations omitted).

Here, Plaintiff's motion for leave to amend seeks only to add one factual allegation that Defendants have failed to identify any meal and rest premiums they have made to class members on the members' wage statements, in the event such payments were in fact made. (ECF No. 27-1, p. 25.) Additionally, the Court finds any prejudice to Defendants in allowing the amendment is minimal or non-existent. For those reasons, and for the reasons stated on the record, Plaintiff's motion is GRANTED to the extent it seeks leave of Court to amend the Complaint.

As for Plaintiff's request to take a 30(b)(6) deposition of Defendants' corporate representative, the Court takes the motion under submission. The Court ORDERS Plaintiff to supplement the record with any documentation regarding discussions with Defendants that took place prior to August of 2019 concerning a proposed 30(b)(6) deposition of Defendants' corporate representative. Plaintiff shall submit these documents, if they exist, no later than **September 25, 2019.**

The Court also ORDERS that the current class certification schedule (ECF No. 25.) shall be modified as follows:

1. The new deadline for the parties to file Rebuttal Expert Witness Disclosures for Class Certification is October 28, 2019;
2. The new deadline for the parties to file a Reply regarding Expert Witness Disclosures for Class Certification shall be November 8, 2019; and

\\\
\\\
\\\

2

3. The new deadline for the filing of Motions for Class Certification shall be November 8, 2019.

IT IS SO ORDERED.

Dated: **September 23, 2019**  /s/ *Erin P. Gross*
UNITED STATES MAGISTRATE JUDGE