# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CLARK, individually, and on behalf of other members of the public similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Q.G. PRINTING II, LLC, a Connecticut limited liability company; QUAD/GRAPHICS INC. a Wisconsin corporation and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No. 1:18-cv-00899-AWI-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER TO DEPOSE DEFENDANTS' CORPORATE REPRESENTATIVE.<br><br>(ECF NO. 27) |

This is a proposed class action suit in which the named Plaintiff, Paul Clark, ("Plaintiff") alleges various causes of action against Defendants under the Private Attorneys General Act, California Labor Code §§ 2698, *et seq.*

On August 20, 2019, Plaintiff filed a "Motion to Modify Scheduling Order to Depose Defendant's Corporate Representative and for Leave to File a Second Amended Complaint." ("the motion") (ECF No. 27.) The Court previously granted the motion to the extent it sought leave to amend. (ECF No. 33.) The Court now addresses the motion to the extent Plaintiff seeks to take an untimely deposition of Defendants' corporate representative(s) pursuant to Federal

Rule of Civil Procedure 30(b)(6).

Plaintiff argues that Defendants failed to produce class-wide data related to wage information until July 16, 2019, which hindered Plaintiff's ability to take a meaningful 30(b)(6) deposition by the June 28, 2019 class certification discovery deadline. Defendants do not dispute the late production of records but maintain that Plaintiff should have exercised more diligence in noticing a 30(b)(6) deposition. The parties also differ as to the effect of a prefatory paragraph in a July 19, 2019 stipulation ("the joint stipulation") that stated that Plaintiff would take a 30(b)(6) deposition. (ECF No. 23) (stating that "Plaintiff Clark intends to notice the Defendants' corporate representatives for mid-August 2019. Plaintiff's counsel will work with Defendants to agree on a mutually-convenient date for this deposition"). There was, however, no request in the stipulation to extend the discovery cut-off to allow for a 30(b)(6) deposition.

At oral argument, a dispute arose about whether the parties had discussed a 30(b)(6) deposition prior to August of 2019, when Plaintiff first sent draft notices of the 30(b)(6) deposition.

Plaintiff represented that "the parties did discuss [a 30(b)(6) deposition] in formulating the [July 19, 2019] joint stipulation; that provision [in the July 19, 2019 joint stipulation regarding Plaintiff's intention to take a 30(b)(6) deposition] was included prior to Defendants' alterations and changes that they wanted to make [to the Joint Stipulation]…they knew as we had told them that we could not proceed with a 30(b)(6) deposition until the time and wage records had been produced."[1] Defendants responded that it was "100% absolutely not the case" that any discussion of a 30(b)(6) deposition occurred prior to August 2019.

On September 23, 2019, at the Court's request, Plaintiff filed supplemental documentation with the Court, which included a declaration from Beverly Allen Pike, an attorney of record for Plaintiff. (ECF No. 35.) Pike represented that there were verbal discussions between the parties after the suit was filed, in which Plaintiff agreed not to notice the 30(b)(6) depositions until the

---

[1] The quotations herein come from the Court recording of the September 20, 2019 hearing, which is available to the parties upon request.

named plaintiffs were deposed.[2] Further, as the Pike declaration notes, on March 11, 2019, the parties submitted a Joint Status Report, in which Plaintiff indicated that "Upon receipt of policies, procedures, guidelines, etc. applicable to all putative class members, Plaintiffs will depose Defendants' 30(b)(6) witnesses." (ECF No. 16, p. 3.)

Defendants filed a reply. (ECF No. 37.) Defendants do not deny the discussions the Pike declaration references or that a potential 30(b)(6) deposition was discussed in the March 11, 2019 Joint Status Report. Defendants nevertheless object to the deposition, arguing that it produced the policies, procedures, and timelines in a timely fashion; thus, at least according to Plaintiff's representations in the March 11, 2019 Joint Status Report, nothing prevented a 30(b)(6) deposition from going forward. Defendants also argue that Plaintiff simply stating his intent to take a deposition should not be enough—the deposition should have been set within the mandated timeframe.

"A pretrial scheduling order may be modified if a party, despite its diligence, cannot reasonably be expected to meet the order's deadlines." *Federal Deposit Insurance Corporation v. Ching*, 2:13-cv-01710-KJM-EFB, 2015 WL 5834554 at *2 (E.D. Cal. Oct. 2, 2015) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). When a party requests changes to the scheduling order, the court's inquiry focuses on that party's honest attempt to comply; he must demonstrate his "diligence." *See, e.g., Id.; Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607-08 (E.D. Cal. 1999). Motions are more often granted when the opposing party's actions caused delay or when the delay is due to an outside intervening cause. *See, e.g., Orozco v. Midland Credit Mgmt., Inc.*, No. 12-02585, 2013 WL 3941318 at *3 (E.D. Cal. July 30, 2013).

Here, the Court finds that, while Plaintiff should have noticed the 30(b)(6) deposition sooner and requested a change to the schedule before the discovery cut-off, the deposition was ultimately delayed because Defendants did not turn over class-wide data related to wage payment until July of 2019—after the discovery deadline for class certification had passed. *See J.W. Pharmaceutical Corp. v. Kahn*, No. CV 12-1006 JGB (RZx), 2014 WL 12639070 at (C.D. Cal.

---

[2] There were originally two named plaintiffs in this suit, but Plaintiff Charles Williams was dismissed pursuant to Joint Stipulation on July 31, 2019. (ECF No. 26.)

Dec. 11, 2014) (allowing the plaintiff to take depositions past the discovery cut-off when the delay was attributable to external factors and outside the plaintiff's control). Indeed, the Court finds that, due to the late production from Defendants, a 30(b)(6) deposition could not have been taken before the discovery cut-off

Further, Defendants misrepresented to the Court that there were no discussions of a 30(b)(6) deposition prior to the discovery cut-off. The March 11, 2019, Joint Status Report—which Defendants considered and approved prior to submission to the Court—clearly demonstrates that Plaintiff communicated its intent to notice a 30(b)(6) deposition to Defendants before the discovery cut-off.

Accordingly, for the reasons stated herein IT IS HEREBY ORDERED that Plaintiff's motion (ECF No. 27.) is GRANTED to the extent Plaintiff seeks to take a 30(b)(6) deposition of Defendants' corporate representative(s). The 30(b)(6) deposition is to occur as soon as possible, consistent with the schedule already set by the Court.

IT IS SO ORDERED.

Dated: **September 27, 2019**      /s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE

4