GREGORY G. ISKANDER, Bar No. 200215
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809
Email: giskander@littler.com

JAMES P. VAN, Bar No. 303853
LITTLER MENDELSON, P.C.
2050 Main Street, Suite 900
Irvine, CA 92614
Telephone: 949.705.3000
Facsimile: 949.724.1201
Email: jpvan@littler.com

Attorneys for Defendants
QG PRINTING II, LLC and QUAD/GRAPHICS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| PAUL CLARK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QG PRINTING II, LLC, a Connecticut limited liability company; QUAD/GRAPHICS, INC., a Wisconsin corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:18-cv-00899-AWI-EPG<br><br>**STIPULATED AND PROTECTIVE ORDER**<br><br>Trial Date: TBD |

**RECITALS & GOOD CAUSE STATEMENT**

WHEREAS, Plaintiff PAUL CLARK ("Plaintiff") and Defendants QG PRINTING II, LLC and QUAD/GRAPHICS, INC. (collectively "Defendants") (all referred to as the "Parties") in the above-captioned coordinated matter have agreed that the instant litigation will likely involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment,

trade secret, financial, and/or personally identifiable information, documents and other materials;

WHEREAS, such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, class contact information, employee personnel documents (including information implicating privacy rights of third parties), and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from public disclosure under state or federal statutes, court rules, case decisions, or common law;

WHEREAS, the unauthorized public disclosure of such confidential, private and/or proprietary materials and information may result in significant and unwarranted harm to the Parties and/or third parties;

WHEREAS, the Parties have agreed to produce such documents only on the agreement that such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information or items will be disclosed only as provided in this Stipulated Protective and Clawback Order (the "Order" or "Protective Order") or as otherwise ordered by the Court;

WHEREAS, the Parties further wish to ensure that class contact information is protected from disclosure, kept confidential and used only for purposes appropriate to this litigation, as well as to require appropriate ground rules for such contact;

WHEREAS, the Parties therefore agree that to ensure that third-parties' private contact information is adequately protected, the Parties choose to follow the notice process sanctioned by Federal District Court, Central District of California in *York v. Starbucks Corp.*, 2009 U.S. Dist. LEXIS 92274, *4-5, 2009 WL 3177605 (C.D. Cal. June 30, 2009);

WHEREAS, the Parties have also agreed to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a Parties' discovery request or informal production;

WHEREAS, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney

5.

review (the "Disclosures"). This Protective Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

    a.    was not inadvertent by the Producing Party;

    b.    that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

    c.    that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

    d.    that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Order is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the Parties seek the entry of the Order governing the disclosure of documents and information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the terms set forth below, as well as an Order, governing the return of inadvertently produced documents and data and affording them the protections on the terms set forth below.

**THE PARTIES AGREE AS FOLLOWS:**

**1. DEFINITIONS**

    a.    <u>"Confidential" Information or Items</u>: Information (regardless of how generated, stored or maintained) that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of either Party or any third parties. Further, Confidential Information is information for which disclosure is likely to have the effect of causing harm to either Party, or person from whom the information was obtained, or to the Parties' or third-parties' privacy. Confidential Information also includes private information pertaining to Defendants' employees, for which the Parties or any third party have a duty to maintain confidentially.

b. <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

c. <u>Designating Party</u>: a Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

d. <u>Disclosures or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, data, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to another party in this matter.

e. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

f. <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential" Information or Items whose disclosure to another Party or nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means.

g. <u>House Counsel</u>: attorneys who are employees of a Party.

h. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

i. <u>Party</u>: any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, House and Outside counsel (and their support staff).

j. <u>Producing Party</u>: a Party that produces Disclosure or Discovery Material in this action.

k. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

7.

STIPULATED PROTECTIVE AND CLAWBACK ORDER

organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

l. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order.

m. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

**2. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

**3. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**4. DESIGNATING PROTECTED MATERIAL**

a. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party must promptly notify the other Party that it is withdrawing the mistaken designation.

b. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Paragraph 4(b)(i) below), or as otherwise agreed or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

i. For **information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Thereafter, upon the inspecting party's selection of documents for copying, the Producing Party may mark the copies "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to this Order.

For **testimony given in deposition or in other pretrial or trial proceedings**, that the Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party that sponsors, offers, or gives the testimony may notify the other Party within twenty (20) days after the transcript is made available to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY").

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party offering or sponsoring the witness or presenting the testimony.

    ii.    For **information produced in some form other than documentary, and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the disk, container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Unless otherwise stated in writing by the Designating Party, all documents and information contained therein must be treated according to the designation specified.  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    c.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order from that point forward.  The Designating Party may seek relief to address any situation where the Receiving Party refuses, either directly or indirectly, to accord proper treatment of materials after notice of an inadvertent failure to designate by the Designating Party.

    d.    <u>Use of Confidential and Highly Confidential-Attorneys' Eyes Only Material</u>. Documents and other material designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used solely and exclusively for preparing for and prosecuting this case, including any claims on behalf of the named plaintiff(s) and any putative class members

10.

pending the completion of the judicial process, including appeal. "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Documents and other material cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

a. <u>Timing of Challenges</u>. If the Receiving Party wishes to challenge the Confidentiality Designation of a particular document or information, it must do so by letter or email to Counsel for the Designating Party within fourteen (14) days of receipt of such document or information, or within fourteen (14) days of discovery of material information giving rise to such a challenge. Failure to challenge a confidentiality designation within this time frame shall operate as a waiver to future challenges. Until agreement is reached between Parties as to a Confidentiality Designation or the Court rules on a judicial challenge to a Confidentiality Designation pursuant to the procedures set forth in this paragraph, the document shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Agreement.

b. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must confer directly (in voice to voice dialogue or via email or letter) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

c. <u>Judicial Intervention</u>. A challenging Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may, within twenty-one (21) days after the meet and confer process ends, move the Court for an Order determining whether the item has been properly designated as confidential, identifying the challenged material and setting forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that (1) the movant has complied with the meet and confer requirements imposed in the preceding paragraph; (2) the material has been maintained as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" while the dispute is being resolved; and (3) sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party during the meet and confer process.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

a.     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 10 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

b.     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

i.     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel engaged in the representation of the Parties in the above-captioned action;

ii.     the Parties (if an entity, this includes present and former officers, directors, agents and employees (including House Counsel));

iii.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

iv.     the Court and its personnel, subject to the procedures of Paragraph 9 below;

     v.  court reporters, third party neutrals, their staff, and professional vendors retained for purposes of this litigation;

     vi.  potential, anticipated or actual fact witnesses and their counsel to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

     vii.  the author of the document or the original source of the information.

    c.  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

     i.  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel engaged in the representation of the Parties in the above-captioned action;

     ii.  House Counsel of the Receiving Party;

     iii.  Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation; and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

     iv.  the Court and its personnel, subject to the procedures of Paragraph 9 below;

     v.  court reporters, their staff, third party neutrals, and professional vendors retained for purposes of this litigation; and

     vi.  the author of the document or the original source of the information.

**7.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify

13.

the Designating Party, in writing (by email or fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. Under no circumstances shall the Receiving Party produce "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" absent a specific Order by the Court after an appropriate Motion to Quash and/or Compel has been filed.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**8.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.  FILING CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIAL**

Where any Confidential or Highly Confidential – Attorneys' Eyes Only information or materials are included in any motion or other proceeding governed by California Rules of Court, Rules 2.550 and 2.551, the party shall follow those rules. With respect to discovery motions or other proceedings not governed by California Rules of Court, Rules 2.550 and 2.551, the following

14.

shall apply: If Confidential or Highly Confidential – Attorneys' Eyes Only information or material are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

### 10. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action (including any appeals), each Receiving Party must either: (1) return all Protected Material to the Producing Party; or (2) destroy all Protected Material, including electronic materials. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing of any of the Protected Material. Upon request by the Designating Party, the Receiving Party must submit a written certification to the Designating Party by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 3 (DURATION) above.

### 11. *YORK V. STARBUCKS* AGREEMENT

The Parties hereby agree that contact information for the putative class is protected by the employees' right to privacy, and it shall be designated as "CONFIDENTIAL" as defined by Paragraph 1 of this Protective Order before being produced to Plaintiff's Counsel.

In addition, the Parties agree that, at the outset of Plaintiff's Counsels' (or their designees'), first contact with each current or former employee whose contact information is provided by Defendants through discovery in this litigation, Plaintiff's Counsels' (or their designee) will inform each contacted individual that (a) the decision whether to talk with Plaintiff's Counsel is voluntary

15.

and the individual has the right not to talk with Plaintiff's Counsel (or their designee) and (b) that, if he or she elects not to talk to Counsel (or their designee), Counsel (or their designee) will terminate the contact and not contact them again.

Plaintiff's Counsel (or their designee) will also inform each individual that his or her refusal to speak with counsel will not prejudice his or her rights as a putative class member should the Court certify the class.

Plaintiff's Counsel (or their designee) will keep a list of all individuals contacted and all individuals who make it known that they do not want to be contacted and preserve that list for the Court.

### 12. CLAWBACK AGREEMENT

The Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

a. The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

b. The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

c. If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

i. the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents

16.

by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, summaries, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

        ii.    If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

    d.    If, during the course of this litigation, a party determines it has produced a Protected Document:

        i.    The Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall

STIPULATED PROTECTIVE AND CLAWBACK ORDER

also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

        ii.     The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, summaries, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

    e.     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in Paragraphs 11(c)(ii) and 11(d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take all reasonable steps to retrieve it.

    f.     The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

        i.     the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

        ii.     the disclosure of the Protected Documents was not inadvertent;

        iii.     the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

        iv.     the Producing Party failed to take reasonable or timely steps to rectify the error.

    g.     Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the

Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's order.

       h.     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

       i.     Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

   **13.**    **MISCELLANEOUS**

       a.     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or the Court's right to modify this Order.

       b.     <u>Right to Assert Other Objections</u>. By agreeing to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, by agreeing to this Protective Order, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

       c.     Once executed by the Parties, the Protective Order shall be treated by the Parties as an Order of Court until it is formally approved by the Court. This Protective Order shall also apply to additional parties, if any, that join this action unless otherwise specified in writing by the parties and/or the Court.

       d.     This Protective Order supersedes any other protective orders that were entered into prior to the actions being coordinated.

Dated: October 18, 2019                       CAPSTONE LAW APC

                                              By: */s/ Bevin Allen Pike*
                                                  Bevin Allen Pike
                                                  Orlando Villalba
                                                  Attorneys for Plaintiff
                                                  PAUL CLARK

Dated: October 18, 2019                       LITTLER MENDELSON, P.C.

                                              By: */s/ Gregory G. Iskander*
                                                  GREGORY G. ISKANDER
                                                  JAMES P. VAN
                                                  Attorneys for Defendants
                                                  QG PRINTING II, LLC and
                                                  QUAD/GRAPHICS, INC.

STIPULATED PROTECTIVE AND CLAWBACK ORDER

# **ORDER**

Good cause appearing therefor, the Court hereby **APPROVES** the Parties' Stipulated Protective Order and Clawback Order ("Protective Order") and **HEREBY ORDERS** that the above Protective Order is entered and approved by the Court for use in the above-captioned case.

IT IS SO ORDERED.

Dated: **October 22, 2019**        /s/ Erin P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

21.
STIPULATED PROTECTIVE AND CLAWBACK ORDER

# **EXHIBIT A**

# **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I declare as follows:

1. My name is _____.

I live at _____.

I am employed as _____.(state position) by _____. (state name and address of employer)

2. I am aware that the parties have stipulated to an Order limiting disclosure and use of the confidential information and documents produced by the parties in the instant action entitled "*Clark v. QG Printing II, LLC et al.*, 1:18-CV-00899-AWI-EPG" pending before the United States District Court, Eastern District of California, A copy of the Order has been given to me.

3. I promise that documents and information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Order will be used by me only in testifying and/or assisting counsel in preparing for and participating in the above-referenced litigation and not for any business, personal or other purposes whatsoever.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
(signature)

4827-4696-7978.1 050407.1152

22.

STIPULATED PROTECTIVE AND CLAWBACK ORDER