**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL CLARK, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>QG PRINTING II, LLC, a Connecticut limited liability company; QUAD/GRAPHICS, INC., a Wisconsin corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 1:18-cv-00899-AWI-EPG<br><br>**CLASS ACTION**<br><br>**ORDER ON PLAINTIFF'S STIPULATED CLASS NOTICE AND DISTRIBUTION PLAN**<br><br>(Doc. No. 71) |

　　On September 18, 2020, the Court issued an order in this action certifying claims relating to prospective break waivers ("Meal Break Waiver Subclass") and reimbursement for business expenses involving protective footwear ("Business Expense Subclass") for class aggregation under Federal Rule of Civil Procedure 23(b)(3). Doc. No. 54 at 37:14-28.[1] Pursuant to that order, the Plaintiff Paul Clark ("Plaintiff") and Defendants QG Printing II, LLC and Quad/Graphics, Inc. ("Defendants") (collectively the "Parties") have submitted a stipulated class notice and distribution plan for Court approval. Doc. No. 71.

　　For any class certified under Rule 23(b)(3),[2] "the court must direct to class members the

---

[1] Unless otherwise indicated, page citations in documents filed electronically with the Court are to the page numbers in the CM/ECF stamp at the top of each page.
[2] "Rule," as used herein, refers to the Federal Rules of Civil Procedure.

1  best notice that is practicable under the circumstances." Fed.R.Civ.P. 23(c)(2)(B). "The notice
2  must clearly and concisely state in plain, easily understood language" the following information:

3        (i) the nature of the action; (ii) the definition of the class certified; (iii) the class
4        claims, issues, or defenses; (iv) that a class member may enter an appearance
      through an attorney if the member so desires; (v) that the court will exclude from
      the class any member who requests exclusion; (vi) the time and manner for
5        requesting exclusion; and (vii) the binding effect of a class judgment on members
      under Rule 23(c)(3).
6

7  Id.

8        For the most part, the proposed notice satisfies these requirements. The table in Section 4,
9  for example, provides a clear and actionable exposition of options with respect to remaining in or
10 opting out of the class, in addition to laying out the time and manner for requesting exclusion and
11 the implications of remaining in the class. Doc. No. 71 at 7. In addition, the proposed notice
12 provides two options for excluding oneself from the class (mail and email), as well as a short,
13 simple form for requesting exclusion. Id. at 7 & 11.
14       The Court, however, has three concerns. First, "28 days from mailing" of the class notice,
15 does not provide a sufficient window for exercising opt out rights. See Doc. No. 71 at 7-8, 11. In
16 the Court's view, 30 days would be more appropriate. The two-day difference may seem trivial,
17 but the typical recipient of a notice such as this may assume he or she has a "month"—as opposed
18 to precisely four weeks—to take action. Second, the language regarding "invalid prospective meal
19 break waivers" in part 2 is not sufficiently clear. The Court will not furnish the precise language,
20 but an explanation making it clear that these waivers involved forms presented to employees for
21 signature as part of Defendants' onboarding process is required to avoid uncertainty on the part of
22 class members . Third, Court notes that the definition of the Business Expense Subclass includes a
23 redundant and undefined term—"Class Period"— that could potentially cause confusion or be
24 misread to narrow the scope of the Business Expense Subclass. See id. at 6.
25       The distribution plan, for its part, must be amended to allow 30 days from the mailing of
26 class notice for class members to send an email or postmark a letter opting out of the class. Doc.
27 No. 71 at 3:3-5. Also, while the proposed distribution plan calls for updating addresses through the
28 National Change of Address Database maintained by the U.S. Postal Service, it does not set forth a

protocol (such as skip tracing) for dealing with notices that are returned as undeliverable. Finally, the proposed distribution plan states that "the class notice will be administered by an agreed-upon third-party case administrator," but does not identify or seek approval for said case administrator. Id. at 2:8-11.

The Parties are therefore ORDERED to do the following within 21 days of the date of electronic service of this order:

1. File an amended class notice providing 30 days from the date of mailing class notice for a class member to send an email or postmark a letter opting out of the class; clarifying the nature of prospective break waivers in part 2 of the proposed notice; and deleting the phrase "during the Class Period" from the definition of the Business Expense Class in part 3 of the proposed notice.

2. File an amended distribution plan allowing 30 days from the date of mailing class notice for a class member to send an email or postmark a letter opting out of the class and setting forth a protocol for dealing with class notices returned as undeliverable; and

3. Propose a case administrator for Court approval.

IT IS SO ORDERED.

Dated:   April 23, 2021

SENIOR  DISTRICT  JUDGE