**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL CLARK, individually, and on behalf of other members of the general public similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>QG PRINTING II, LLC, a Connecticut limited liability company; QUAD/GRAPHICS, INC., a Wisconsin corporation; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No. 1:18-cv-00899-AWI-EPG<br><br>**CLASS ACTION**<br><br>**ORDER ON STIPULATED AMENDED CLASS NOTICE, DISTRIBUTION PLAN, OPT-OUT FORM AND NOTICE ADMINISTRATOR**<br><br>(Doc. No. 75) |

The Court issued an order in this action certifying claims relating to prospective break waivers ("Meal Break Waiver Subclass") and reimbursement for business expenses involving protective footwear ("Business Expense Subclass") for class aggregation under Federal Rule of Civil Procedure 23(b)(3). Doc. No. 54 at 37:14-28.[1] Pursuant to that order, Plaintiff Paul Clark ("Plaintiff") and Defendants QG Printing II, LLC and Quad/Graphics, Inc. ("Defendants") (collectively the "Parties") submitted a stipulated class notice and distribution plan for Court approval on January 15, 2021. Doc. No. 71.

For any class certified under Rule 23(b)(3),[2] "the court must direct to class members the

---

[1] Unless otherwise indicated, page citations in documents filed electronically with the Court are to the page numbers in the CM/ECF stamp at the top of each page.
[2] "Rule," as used herein, refers to the Federal Rules of Civil Procedure.

best notice that is practicable under the circumstances." Fed.R.Civ.P. 23(c)(2)(B). "The notice must clearly and concisely state in plain, easily understood language" the following information:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Id.

For the most part, the notice to which the parties stipulated on January 15, 2021 satisfied these requirements, but the Court identified a few areas of concern. See Doc. No. 74. First, the Court found that "28 days from mailing" of the class notice, did not provide a sufficient window for exercising opt out rights and that a period of 30 days (more closely approximating a "month") would be more appropriate. Second, the Court found that language regarding "invalid prospective meal break waivers" in part 2 of the proposed notice was not sufficiently clear and directed the parties to clarify the nature of the waivers in question to avoid confusion. Third, the Court noted that the definition of the Business Expense Subclass includes a redundant and undefined term— "Class Period"— that could potentially cause confusion or be misread to narrow the scope of the Business Expense Subclass.

In addition, the Court found that (consistent with the revision ordered to the notice) the distribution plan must be amended to allow 30 days from the mailing of class notice for class members to send an email or postmark a letter opting out of the class and must set forth a protocol (such as skip tracing) for dealing with notices that are returned as undeliverable.

Finally, the Court ordered the parties to propose an agreed-upon third-party notice administrator. The parties have proposed Simpluris, which they describe as "a company with extensive experience in providing notice of class actions and administering various types of class action settlements." Doc. No. 75 at 2:14-16.

The Court notes that Simpluris has been approved as notice administrator by courts in this district on multiple occasions, and the Court will approve Simpluris as the notice administrator in this case. See Ontiveros v. Zamora, 303 F.R.D. 356, 363 (E.D. Cal. 2014); Monterrubio v. Best

1  Buy Stores, L.P., 291 F.R.D. 443, 452 (E.D. Cal. 2013) Adoma v. Univ. of Phoenix, Inc., 913 F.
2  Supp. 2d 964, 974 (E.D. Cal. 2012).

3      The Court also finds that the parties have adequately addressed issues involving the length
4  of the notice period, protocols for undeliverable notices and the description of meal break waivers.

5      Unfortunately, it appears the parties' attempt to revise the description of the Business
6  Expense Subclass has resulted in confusion as to the definition of the class as a whole. As noted
7  above, the Court's September 18, 2020 order approved two sets of claims for class aggregation:
8  (1) claims relating to meal break waivers (the Meal Break Waiver Subclass); and (2) claims
9  relating to the use of required of protective footwear (the Business Expense Subclass).

10     The description of the class set forth in the revised notice, however, reads as follows:

11     The Class Action covers all non-exempt, hourly employees in QG
    Printing's California facilities who worked for QG Printing at any time between
12     May 29, 2014 and September 18, 2020 and who, during that period:

13   a) worked at least one shift between five and six hours in length or between 10
    and 12 hours in length (Meal Break Waiver Subclass), and
14
  b) purchased steel-toed boots for use at work in accordance with QG Printing's
15     policies (Business Expense Subclass).

16 Doc. No. 75 at 7.

17     The exclusive use of the conjunction "and" to join subpart "a)" and subpart "b)" of the
18 foregoing definition indicates that one must satisfy both criteria in order to be a class member. Per
19 the Court's September 18, 2020 order, however, satisfying either subpart "a)" or subpart "b)" is
20 sufficient for class membership.

21     This issue can be resolved by changing the "and" in question to "and / or" such that part 3
22 of the amended notice, entitled "WHO IS IN THE CLASS?", Doc. No. 75 at 7, would read:

23     The Class Action covers all non-exempt, hourly employees in QG
    Printing's California facilities who worked for QG Printing at any time between
24     May 29, 2014 and September 18, 2020 and who, during that period:

25   a) worked at least one shift between five and six hours in length or between 10
    and 12 hours in length (Meal Break Waiver Subclass), and / or
26
  b) purchased steel-toed boots for use at work in accordance with QG Printing's
27     policies (Business Expense Subclass).

28

Accordingly, IT IS HEREBY ORDERED as follows:

1. The parties are directed to FILE a second amended class notice making the change specified above to the class description in part 3 of the amended notice (see Doc. No. 75 at 7) within 21 days of electronic service of this order;
2. The amended distribution schedule (Doc. No. 75 at 2-3) is APPROVED;
3. The request for exclusion from class action form (Doc. No. 75-1) is APPROVED;
4. Simpluris is APPROVED as the administrator of class notice.

IT IS SO ORDERED.

Dated:   October 4, 2021                                                          
  SENIOR DISTRICT JUDGE