UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CLARK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QG Printing II LLC, et al.,<br><br>Defendants. | Case No. 1:18-cv-00899-ADA-EPG<br><br>ORDER REGARDING STATUS REPORT<br><br>(ECF No. 116) |

This is a class action case, which was removed from state court on June 29, 2018, and has been heavily litigated since then. (ECF No. 1). Pertinent here, certain claims were certified on September 18, 2020, and summary judgment was partially granted for Defendants on April 7, 2023. (ECF Nos. 54, 105). Now before the Court is the parties' joint status report, filed in preparation for the September 28, 2023 status conference. (ECF Nos. 115, 116). The joint status report states as follows:

> The Parties have reached a settlement in principle of this action. The Parties are working cooperatively to finalize the agreement and the Parties *anticipate filing a stipulated request for dismissal within 45 days*. As such, the Parties respectfully request that the status conference, scheduled for September 28, 2023, be continued at least 60 days to November 27, 2023 or date thereafter as convenient for the Court to allow the Parties time to finalize the settlement agreement and submit the request for dismissal.

1

(ECF No. 116, p. 2) (emphasis).

While the Court will vacate the status conference as requested, it does not appear that this case may be dismissed solely upon a stipulated request for dismissal. The Court draws the parties' attention to Rule 23(e), which provides as follows: "The claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement--may be settled, voluntarily dismissed, or compromised *only with the court's approval*." (Emphasis added). Thereafter, the Rule provides various procedures that "apply to a proposed settlement, voluntary dismissal, or compromise," including those concerning notice to the class, approval of the proposal, and class-member objections. Fed. R. Civ. P. 23(e)(1), (2), (5).

In short, it appears that there will be claims in this case that require the Court's approval to voluntarily dismiss. Should the parties reach an agreed resolution, they should comply with these rules and procedures.

Therefore, IT IS ORDERED as follows:

1. The status conference set for September 28, 2023, is vacated and will not be reset at this time. (ECF No. 115).
2. By no later than October 26, 2023, the parties are directed to file an appropriate document to facilitate the finalization of this action.[1]

IT IS SO ORDERED.

Dated: **September 12, 2023**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

---

1. Should the parties seek to voluntarily dismiss claims without obtaining Court approval, in their filing they shall provide legal authority supporting their position.